# SPRINGFIELD MEDICAL ASSOCIATES INC.
## ENFIELD MEDICAL ASSOCIATES

2150 MAIN STREET
SPRINGFIELD, MA 01104
(413) 739-5676
FAX (413) 731-9107

VICTORIA L. COOK, M.D.
INTERNAL MEDICINE AND ENDOCRINOLOGY
MICHAEL P. COPPOLA, M.D.
PULMONARY DISEASES, CRITICAL CARE AND SLEEP DISORDERS
CHRISTINE C. EVANCHICK, M.D.
RHEUMATOLOGY
SHEILA C. GALLO, M.D.
PULMONARY DISEASES AND CRITICAL CARE
PAUL C. HETZEL, M.D.
MEDICAL ONCOLOGY
DAVID R. KALMAN, M.D.
GASTROENTEROLOGY
THOMAS J. KEENAN, M.D.
CARDIOLOGY AND INTERNAL MEDICINE
BRUCE M. METH, M.D.
PULMONARY DISEASES AND CRITICAL CARE
DAVID H. MILLER, M.D.
RHEUMATOLOGY
JEFFREY J. OCHS, M.D.
ONCOLOGY AND HEMATOLOGY
DAVID L. PLEET, M.D.
GASTROENTEROLOGY
MICHAEL H. ROSEN, M.D.
HEMATOLOGY, ONCOLOGY AND INTERNAL MEDICINE
ROY STILLERMAN, M.D.
PULMONARY DISEASES AND CRITICAL CARE
JOHN M. ZEROOGIAN, M.D.
GASTROENTEROLOGY
DALE PAPPAS, PA-C

2150 MAIN STREET
SPRINGFIELD, MA 01104
(413) 731-5663
FAX (413) 731-9783

SANDRA D. CAMERON, M.D.
INTERNAL MEDICINE AND PEDIATRICS
JERI D. CHEUNG, M.D.
INTERNAL MEDICINE AND PEDIATRICS
ANDREW G. MOSKOVITZ, M.D.
INTERNAL MEDICINE AND PEDIATRICS
KAREN CARRENS, PA-C

701 ENFIELD STREET
ENFIELD, CT 06082
(860) 741-6058
FAX (860) 731-9783

MARY F. ADLER, M.D.
INTERNAL MEDICINE
JAY S. BURTON, D.O.
INTERNAL MEDICINE
KATHLEEN E. CARLSON, M.D.
INTERNAL MEDICINE
DARREN S. O'NEILL, M.D.
INTERNAL MEDICINE
HOWARD D. RO, M.D.
INTERNAL MEDICINE
LISA SINGH, APRN, NP
INTERNAL MEDICINE

SALVATORE TASSONE
ADMINISTRATOR

December 26, 2002

Charles Brummer, M.D.
118 Conz Street
Northampton, MA 01060

RE:   Jane Bergenn

Dear Dr. Brummer:

I had the pleasure to see Mrs. Bergenn back in the office today. She had a CT scan of her chest done at the MRI Center. It demonstrated a small cyst seen in the lung bilaterally. These cysts are very non-specific and though somewhat unusual, I doubt pertain to her symptoms, although they may have been caused by years of exposure to fumes and fire. She had pulmonary function tests done which were essentially normal. There was no change in bronchodilators.

At this point, Mrs. Bergenn still has signs and symptoms of a possible interstitial lung process. Her pulmonary function tests although normal, are at the lower limits of normal. I am unclear if this represents any change or that is where she has been for years. My plan is to see her back in three months with a repeat CT scan to be sure that these small cysts do not enlarge and are nothing to be worried about. We will repeat a breathing test in approximately six months. I have spent a great deal of time discussing this with her and hopefully she is satisfied with the result.

I would like to thank you for involving me in this woman's care.

Sincerely,

Bruce M. Meth, M.D.

BMM:rav
138038.doc

mailed
12/27/02
C

EXHIBIT 3


**MASSACHUSETTS GENERAL HOSPITAL**


**HARVARD MEDICAL SCHOOL**

1101 Beacon Street
Four West
Brookline, Massachusetts 02446
Tel: 617.232.1704, Fax: 617.232.3280

L. Christine Oliver, MD, MPH, MS
*Associate Physician*
*Pulmonary and Critical Care Unit*

January 24, 2003

Jane B. Bergenn
116 Pleasant Street
Loft 30
Easthampton, MA  01027

MGH Unit #404-98-01

Dear Ms. Bergenn:

    I am writing in follow-up to our telephone conversations over the past several days. It is unfortunate, given the pressure you are feeling to return to work, that I have not been able to render a final diagnosis. But I need the medical records of visits to physicians and/or Emergency Departments around the time of the exposure and afterwards to better determine diagnosis. I also need any reports of inspections of the classroom itself – by the Fire Department and industrial hygienists or ventilation experts who may have examined the room and the kiln- to better understand the exposure situation itself.

    It would also be helpful to have a statement from the school that the exhaust hood of the kiln is now functioning properly. Both you and I want to make sure that the classroom is safe before you return.

    I believe that you have suffered respiratory tract irritation as a result of your exposure to smoke. As we discussed today, your lung function test results from the day of your visit show evidence of obstruction and a positive response to inhaled bronchodilator. These results are worrisome for asthma.

    I was not able to reach Dr. Meth today. Enclosed is a copy of your lung function test results. Please contact him directly and request that he order a methacholine challenge test to further evaluate for asthma so that you can avoid the long trip to Boston for this test. As you will note, I am forwarding a copy of this letter and your test results to Dr. Meth.

If there are questions, please let me know.


Very truly yours,

*[signature]*

L. Christine Oliver, MD


Cc: J. Bergenn


**MASSACHUSETTS GENERAL HOSPITAL**


**HARVARD MEDICAL SCHOOL**

1101 Beacon Street
Four West
Brookline, Massachusetts 02446

Tel: 617.232.1704, Fax: 617.232.3280

L. Christine Oliver, MD, MPH, MS
*Associate Physician*
*Pulmonary and Critical Care Unit*

January 24, 2003

Gloria Granfield
Director of Human Resources
The Williston Northampton School
19 Payson Avenue
Easthampton, MA 01027

RE: Jane B. Bergenn – DOB 05/01/42, MGH Unit #404-98-01

Dear Ms. Granfield:

    I am writing with regard to Ms. Bergenn, whom I saw in my office for an evaluation on January 17, 2003. Although I have not arrived at a definite diagnosis yet, I believe, based on the information I have to date, that she has suffered respiratory tract irritation as a result of exposure to irritants in smoke from the kiln in her classroom in the Reed Center. Re-exposure to even low-level residue left in the room and/or on materials/pieces in the classroom results in precipitation of disabling symptoms of chest pain.

    In order to facilitate Ms. Bergenn's return to teaching as soon as possible, I have the following recommendations with regard to a short term solution. The first is that the sky lights be left open to the extent possible to maximize intake of fresh air. The second is that the room be cleaned up and contaminated materials removed. The third is that two air purifiers be placed in the classroom – one in the upper and one in the lower teaching areas. My recommendation is the Austin Air Purifier with HEPA and charcoal filters, available through a distributor in Buffalo, NY (716-856-3704). It is important that the filters be changed on a regular basis. These steps should be taken before Ms. Bergenn returns to teaching in that classroom. And these recommendations assume that the exhaust hood over the kiln is now operative and adequate.

    As a long term solution, I recommend that the kiln be moved to another classroom that has windows that can be opened. Such a step would improve ventilation in general and hopefully prevent a toxic exposure to teacher and students in the future.

If you have any questions, please let me know.

Very truly yours,

*[signature]*

L. Christine Oliver, MD

EXHIBIT 4


**MASSACHUSETTS GENERAL HOSPITAL**


**HARVARD MEDICAL SCHOOL**

1101 Beacon Street
Four West
Brookline, Massachusetts 02446

Tel: 617.232.1704, Fax: 617.232.3280

J. Christine Oliver, MD, MPH, MS
*Associate Physician*
*Pulmonary and Critical Care Unit*

February 17, 2003

Gloria Granfield
Director of Human Resources
The Williston Northampton School
19 Payson Avenue
Easthampton, MA- 01027

RE: Jane B. Bergenn – DOB 05/01/42, MGH Unit #404-98-01

Dear Ms. Granfield:

Attached please find a letter sent to you January 24, 2003. This letter is partially responsive to your letter to Ms. Bergenn dated February 13, 2003.

I now have a definitive diagnosis in Ms. Bergenn's case. She has asthma. It is my opinion that the development of asthma in her case was causally related to irritant (and possibly sensitizing) exposures encurred as a result of the malfunction of the kiln in her classroom at the Reed Center of the Williston Northampton School in mid-November, 2002.

Recommendations were provided in my earlier letter. Ms. Bergenn attempted to return to her classroom to teach and became ill. At that time, the recommended steps had not been fully implemented. However, given her respiratory reaction at that time, it is now my recommendation that the kiln be moved to a well-ventilated classroom. Air purifiers are recommended in addition. In my opinion, rendered with reasonable medical certainty, Ms. Bergenn is not able to return to work until this has been accomplished. And it is not certain that she will be able to resume her usual work, even under these conditions. But I am hopeful that she can.

I will review additional materials that have been forwarded to me and render a more detailed report in the near future. In the meantime, this information should be sufficient for you to file a workers' compensation claim -- as you are required to do by law given the number of her related lost days from work.

If there are further questions, please let me know.


Very truly yours,

*[signature]*

L. Christine Oliver, MD


Cc: J. Bergenn

**MASSACHUSETTS GENERAL HOSPITAL**

**HARVARD MEDICAL SCHOOL**

1101 Beacon Street
Four West
Brookline, Massachusetts 02446
Tel: 617.232.1704, Fax: 617.232.3280

J. Christine Oliver, MD, MPH, MS
*Associate Physician*
*Pulmonary and Critical Care Unit*

February 17, 2003

Gloria Granfield
Director of Human Resources
The Williston Northampton School
19 Payson Avenue
Easthampton, MA- 01027

RE: Jane B. Bergenn – DOB 05/01/42, MGH Unit #404-98-01

Dear Ms. Granfield:

Attached please find a letter sent to you January 24, 2003. This letter is partially responsive to your letter to Ms. Bergenn dated February 13, 2003.

I now have a definitive diagnosis in Ms. Bergenn's case. She has asthma. It is my opinion that the development of asthma in her case was causally related to irritant (and possibly sensitizing) exposures encurred as a result of the malfunction of the kiln in her classroom at the Reed Center of the Williston Northampton School in mid-November, 2002.

Recommendations were provided in my earlier letter. Ms. Bergenn attempted to return to her classroom to teach and became ill. At that time, the recommended steps had not been fully implemented. However, given her respiratory reaction at that time, it is now my recommendation that the kiln be moved to a well-ventilated classroom. Air purifiers are recommended in addition. In my opinion, rendered with reasonable medical certainty, Ms. Bergenn is not able to return to work until this has been accomplished. And it is not certain that she will be able to resume her usual work, even under these conditions. But I am hopeful that she can.

I will review additional materials that have been forwarded to me and render a more detailed report in the near future. In the meantime, this information should be sufficient for you to file a workers' compensation claim – as you are required to do by law given the number of her related lost days from work.

If there are further questions, please let me know.

Very truly yours,

*[signature]*

L. Christine Oliver, MD

Cc: J. Bergenn

EXHIBIT 5

 MASSACHUSETTS GENERAL HOSPITAL

 HARVARD MEDICAL SCHOOL

1101 Beacon Street
Four West
Brookline, Massachusetts 02446
Tel: 617.232.1704, Fax: 617.232.3280

L. Christine Oliver, MD, MPH, MS
*Associate Physician*
*Pulmonary and Critical Care Unit*

March 31, 2003

Jane B. Bergenn
116 Pleasant Street, Loft 30
Easthampton, MA   01027

Dear Ms. Bergenn:

    I am writing in follow-up to my letter of January 24, 2003 to Gloria Granfield, Director of Human Resources of The Williston Northampton School regarding your medical condition. (You should have a copy of this letter as you were copied. I have enclosed a second copy.)

    At that time I did not have a definite medical diagnosis. Nevertheless, it was clear to me that you had a medical condition that was exacerbated by your presence in the classroom with the kiln that apparently malfunctioned in November, 2002 and left a toxic residue in the classroom. Recommendations were made for abatement of the problem. Some of the changes were made, and you are still unable to return to the classroom without getting sick. As you will note, it was my recommendation that in the long term the kiln be moved to a better ventilated classroom – a room with larger (than skylights) windows that open.

    A diagnosis has been made. As you know, that diagnosis is asthma and you are currently on medication for asthma. In my opinion, to a reasonable degree of medical certainty, the development of asthma in your case is causally related to an irritant and/or sensitizer that was given off into the classroom in November. You continue to be symptomatic when you return to the room. With occupational asthma, continued work in an environment with toxic exposures is associated with worse prognosis.

    Under the circumstances, in my opinion, if you are to continue to work at The Williston School, you must be moved to a classroom that is well ventilated, with windows that open -- either at the Williston School or to an alternative school in the school system. Continued work in your present environment is not advisable from a medical point of view.

If you have any questions, please let me know.

Very truly yours,

*[signature]*

L. Christine Oliver, MD

THE WILLISTON NORTHAMPTON SCHOOL

March 31, 2003

Ms. Jane Bergenn
116 Pleasant Street
Apartment 30
Easthampton, MA  01027

RE:   Separation Agreement

Dear Jane:

The purpose of this letter is to inform you that we consider your action of leaving the classroom on March 27, 2003 as job abandonment and as a result your employment with the Williston Northampton School ("Williston") is terminated, effective immediately.

Under these conditions of job abandonment, Williston generally would not make any severance payments. Yet, in recognition of your years of employment at Williston the administration proposes to pay you 6 week(s) of severance, in exchange for a full waiver and release of all potential claims and your agreement to the following terms:

1. <u>Abandonment of Employment</u>
   By your own actions, effective March 27, 2003, the employment relationship between you and Williston is terminated. You will need to remove all personal belongings from your classrooms. Please arrange a time to do this with Gloria Granfield, Human Resources Director.

2. <u>Compensation and Benefits</u>
   Williston agrees to pay you 6 week(s) severance with payment to be made on or before April 15, 2003. The payment shall be subject to all withholding taxes and customary deductions.
   You will receive notification of your right to continue your health insurance benefits under COBRA. You may do so at your own expense consistent with the requirements of COBRA. See Exiting Benefit Information Memorandum attached hereto.

3. <u>No Other Payments or Benefits</u>
   You and Williston agree that, except as expressly provided in paragraph 2 above and set forth in this Agreement and attached Exiting Benefit Memorandum, Williston shall not have any obligation to make any other payments to you or provide you with any other benefits at any time following the date of this Agreement.

4. <u>Return of Property</u>
   You will need to arrange a date and time with Gloria Granfield on which you will return to Williston all property in your possession, custody or control that belongs to Williston, including without limitation, all keys, office equipment, documents, records, files, written

74708-1