IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| JANE BERGENN,<br>Plaintiff<br><br>v.<br><br>THE WILLISTON NORTHAMPTON<br>SCHOOL, and BRIAN WRIGHT,<br>Defendants | Case Number: 04-30012-MAP |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND REQUEST FOR JURY TRIAL

### I. NATURE OF CLAIMS

1. The Defendants state that no response is required to Paragraph 1 since the paragraph fails to set forth any allegations against the Defendants but merely summarizes the nature of the claims.

### II. THE PARTIES

2. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Plaintiff's Complaint but call upon the Plaintiff to prove the same.

3. The Defendants admit the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. The Defendants admit the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

### III. JURISDICTION and VENUE

5. In response to Paragraph 5, the Defendants state that they are without knowledge regarding the exact date on which the Plaintiff filed a charge of discrimination against the Defendants with the Massachusetts Commission Against Discrimination. The Plaintiff's MCAD complaint is dated June 23, 2003 but was received by representatives of the Defendants on or about August 20, 2003. The Defendants admit the remaining allegations in Paragraph 5.

214695-1

6. In response to Paragraph 6, the Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 regarding the dates on which the Plaintiff received correspondence attached as Exhibits 2, 3, and 4. The Defendants further state that Paragraph 6 fails to set forth allegations against the Defendants to which a response is required.

7. In response to Paragraph 7, the Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 7 but admit that this Amended Complaint was served on counsel for the Defendants within 90 days of December 12, 2003.

8. In response to Paragraph 8, the Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8. The Defendants further state that the discovery process is ongoing and that they reserve their right to amend this response after completion of discovery.

9. The Defendants admit the allegations contained in Paragraph 9 of the Plaintiff's Amended Complaint.

10. The Defendants admit the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

## IV. FACTS RELEVANT TO ALL CLAIMS

11. The Defendants admit the allegations contained in Paragraph 11 of the Plaintiff's Amended Complaint.

12. The Defendants deny the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Plaintiff's Complaint but call upon the Plaintiff to prove the same.

14. The Defendants deny the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. In response to Paragraph 15, the defendants admit that Richard Lemelin was a school custodian on the afternoon of Monday, November 18, 2002 and informed the Plaintiff that he had found her classroom filled with smoke on the previous Friday. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.

16. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Plaintiff's Complaint but call upon the Plaintiff to prove the same.

17. In response to Paragraph 17, the Defendants state that they are without knowledge sufficient to form a belief regarding whether the Plaintiff experienced discomfort in her chest and throat on November 18th and 19th 2002 but admit that the Plaintiff taught on those two days.

18. In response to Paragraph 18, the Defendants state that they are without knowledge sufficient to form a belief regarding the Plaintiff's experiences and actions in contacting her primary care physician on Wednesday, November 20, 2002. The Defendants further are without knowledge sufficient to form a belief regarding the substance of the discussions between the Plaintiff and representatives of the fire department.

19. The Defendants admit the allegations contained in Paragraph 19 of the Plaintiff's Amended Complaint.

20. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Plaintiff's Complaint but call upon the Plaintiff to prove the same.

21. In response to Paragraph 21, the Defendants admit that the Plaintiff worked only sporadically but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 21 of the Plaintiff's Complaint.

22. The Defendants admit that Williston forwarded correspondence to the Plaintiff, dated January 8, 2003, notifying the Plaintiff of her rights and obligations under the FMLA, but deny that the Plaintiff met all obligations as a qualified employee under FMLA, and further deny that she "returned to work" as defined under FMLA on February 4, 2003.

23. The Defendants admit the allegations contained in Paragraph 23 of the Plaintiff's Amended Complaint.

24. In response to Paragraph 24, the Defendants state that Ms. Granfield received a copy of correspondence dated January 24, 2003 from Dr. Oliver indicating that she had not yet arrived at a definite diagnosis for Ms. Bergenn. The Defendants admit the recommendations made by Dr. Oliver without a definite diagnosis.

25. In response to Paragraph 25, the Defendants admit that the Plaintiff returned briefly to her classroom on Tuesday, February 4, 2003 but are without knowledge or information sufficient to form a belief relative to the alleged porous items remaining in the classroom and whether those items had absorbed fumes. The Defendants admit that they had installed an air purifier and further state that their staff does consist of professionals who performed various and numerous cleaning and ventilating tasks.

26. In response to Paragraph 26, the Defendants state that the Plaintiff did attend a meeting with Ms. Kennedy, Ms. Granfield and Dr. Wright on or about February 5, 2003. The Defendants further admit that Dr. Wright expressed concerns to the Plaintiff about her highly unprofessional conduct and the disparaging comments that she made to students

and parents in violation of the terms of her contract with Williston. The Defendants deny all remaining allegations in Paragraph 26.

27. In response to Paragraph 27, the Defendants admit receipt of correspondence from the Plaintiff, but deny the accuracy of the statements made by the Plaintiff.

28. In response to Paragraph 28, the Defendants admit that a meeting occurred on February 11, 2003 at the Reed Center, but deny all remaining allegations in the paragraph.

29. In response to Paragraph 29, the Defendants admit receipt of correspondence dated February 17, 2003 from Dr. Oliver attached as Exhibit 7 to the Complaint. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 of the Complaint.

30. The Defendants admit the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

31. In response to Paragraph 31, the Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 relative to the plaintiff's knowledge of "annual contracts reappointing staff for the following academic year". The Plaintiff was not issued a new contract since she failed to demonstrate that she was capable of performing the essential functions of the job of Art Teacher in the Reed Center, and ultimately, abandoned or quit the job.

32. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Plaintiff's Complaint but call upon the Plaintiff to prove the same.

33. In response to Paragraph 33, the Defendants admit that a conversation occurred between Ms. Kennedy and the Plaintiff relative to the Plaintiff's employment status, but deny the specific allegations in Paragraph 33.

34. In response to Paragraph 34, the Defendants admit that the Plaintiff left the campus after teaching two art classes and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34. The Defendants further state that the plaintiff told Ms. Kennedy that she had quit the job.

35. In response to Paragraph 35, the Defendants admit that a meeting occurred between the parties, but are without knowledge sufficient to form a belief regarding any conversation between Ms. Sherr and the Plaintiff.

36. In response to Paragraph 36, the Defendants state that the document attached as Exhibit 8 to the complaint constitutes a privileged communication that is not the subject of admissible evidence in this case.

37. In response to Paragraph 37, the Defendants deny that the plaintiff had used approximately four weeks of her twelve week FMLA leave but admit the remaining allegations set forth in Paragraph 37.

38. In response to Paragraph 38, the Defendants admit that the Plaintiff's final paycheck contained an unintentional calculation error, which was subsequently corrected. The Defendants further state that the issue regarding the payment error has been resolved in full and is not the subject of a disputed issue to be adjudicated in this case.

39. In response to Paragraph 39, the Defendants state that Jose Tsang, age 60 initially replaced the Plaintiff followed by Susanna White, age 37 and Cynthia Sperry, age 37. The Plaintiff's replacements were paid according to their experience and credentials.

40. The Defendants deny the allegations contained in Paragraph 40 of the Plaintiff's Complaint.

41. The Defendants deny the allegations contained in Paragraph 41 of the Plaintiff's Complaint.

## COUNT ONE-THE FAMILY and MEDICAL LEAVE ACT

42. The Defendants repeat and incorporate the responses contained in Paragraphs 1 through 41 of this Answer as if fully set forth herein.

43. The Defendants deny the allegations contained in Paragraph 43 of the Plaintiff's Complaint.

## COUNT TWO-THE AMERICANS WITH DISABILITIES ACT

(Regarded as Substantially Limited)

44. The Defendants repeat and incorporate the responses contained in Paragraphs 1 through 43 of this Answer as if fully set forth herein.

45. The Defendants deny the allegations contained in Paragraph 45 of the Plaintiff's Complaint.

## COUNT THREE-THE AMERICANS WITH DISABILITIES ACT

(Failure to Accommodate)

46. The Defendants repeat and incorporate the responses contained in Paragraphs 1 through 45 of this Answer as if fully set forth herein.

47. The Defendants deny the allegations contained in Paragraphs 1 thorough 46 of the Plaintiff's Complaint.

## COUNT FOUR-THE AMERICANS WITH DISABILITIES ACT

### (Discriminatory Discharge)

48. The Defendants repeat and incorporate the responses contained in Paragraphs 1 through 47 of this Answer as if fully set forth herein.

49. The Defendants deny the allegations contained in Paragraph 49 of the Plaintiff's Complaint.

## COUNT FIVE-THE AMERICANS WITH DISABILITIES ACT

### (Hostile Environment)

50. The Defendants repeat and incorporate the responses contained in Paragraphs 1 through 49 of this Answer as if fully set forth herein.

51. The Defendants deny the allegations contained in Paragraph 51 of the Plaintiff's Complaint.

## COUNT SIX-THE ADEA

54.[sic][1] The Defendants repeat and incorporate the responses contained in Paragraphs 1 through 51 of this Answer as if fully set forth herein.

55. The Defendants deny the allegations contained in Paragraph 55 of the Plaintiff's Complaint.

## COUNT SEVEN-PAYMENT OF WAGES LAW

56. The Defendants repeat and incorporate the responses contained in Paragraphs 1 through 55 of this Answer as if fully set forth herein.

57. The Defendants deny the allegations contained in Paragraph 57 of the Plaintiff's Complaint.

## COUNT EIGHT-MGL C 151B-Age Discrimination

58. The Defendants repeat and incorporate the responses contained in Paragraphs 1 through 57 of this Answer as if fully set forth herein.

59. The Defendant denies the allegations contained in Paragraph 59 of the Plaintiff's Complaint.

---

[1] There are no paragraphs numbered 52, 53, 61, 62, and 64 in the Amended Complaint.

### COUNT NINE-MGL c.151B HANDICAP DISCRIMINATION
### (Record of Disability)

60. The Defendants repeat and incorporate the responses contained in Paragraphs 1 through 59 of this Answer as if fully set forth herein.

63.[sic] The Defendants deny the allegations contained in Paragraph 63 of the Plaintiff's Complaint.

### COUNT NINE [sic]-MGL 151B HANDICAP DISCRIMINATION

### (Failure to Accommodate)

65. The Defendants repeat and incorporate the responses contained in Paragraphs 1 through 63 of this Answer as if fully set forth herein.

66. The Defendants deny the allegations contained in Paragraph 66 of the Plaintiff's Complaint.

### COUNT TEN-MGL c.151B-HANDICAP DISCRIMINATION

### (Discriminatory Discharge)

67. The Defendants repeat and incorporate the responses contained in Paragraphs 1 through 66 of this Answer as if fully set forth herein.

68. The Defendants deny the allegations contained in Paragraph 68 of the Plaintiff's Complaint.

### COUNT ELEVEN-MGL c.151B-HANDICAP DISCRIMINATION

### (Hostile Environment)

69. The Defendants repeat and incorporate the responses contained in Paragraphs 1 through 68 of this Answer as if fully set forth herein.

70. The Defendants deny the allegations contained in Paragraph 70 of the Plaintiff's Complaint.

### COUNT TWELVE-RETALIATION (MGL c.151B)

71. The Defendants repeat and incorporate the responses contained in Paragraphs 1 through 70 of this Answer as if fully set forth herein.

72. The Defendants deny the allegations contained in Paragraph 72 of the Plaintiff's Complaint.

## COUNT THIRTEEN-RETALIATION (FMLA)

73. The Defendants repeat and incorporate the responses contained in Paragraphs 1 through 72 of this Answer as if fully set forth herein.

74. The Defendants deny the allegations contained in Paragraph 74 of the Plaintiff's Complaint.

## VII   INJUNCTIVE RELIEF

75. The Defendants repeat and incorporate the responses contained in Paragraphs 1 through 74 of this Answer as if fully set forth herein. The Defendants further deny that they have engaged in any alleged discriminatory actions requiring injunctive relief by the Court.

76. In response to Paragraph 76, the Defendants deny that the Plaintiff is entitled to reinstatement into the position of art teacher as sought in Paragraph 76.

77. In response to Paragraph 77, the Defendants deny that the Plaintiff is entitled to the injunctive relief sought and further deny the need for the Court to retain jurisdiction to ensure the defendants' compliance with the law.

## PRAYER FOR RELIEF

WHEREFORE, the Defendants respectfully request entry of judgment in favor of the Defendants and denial of the Plaintiff's prayer for relief requesting compensatory and punitive damages, injunctive relief, interest, costs, attorney's fees, expert fees and all further relief requested by the Plaintiff in her Amended Complaint.

### **FIRST DEFENSE**

The Plaintiff has failed to mitigate her damages as required by law and, as such, is not entitled to recovery.

### **SECOND DEFENSE**

The Plaintiff's claims are barred by the applicable statutes of limitations.

### **THIRD DEFENSE**

The Defendants say that the contributory negligence of the Plaintiff was at least as great as or greater than the alleged negligence of the Defendants.

### **FOURTH DEFENSE**

And further answering, the Defendants say that the negligence of the Plaintiff contributed in some degree to the cause of the incident, wherefore the damages, if any, awarded to the Plaintiff should be diminished and reduced in accordance with law.

### FIFTH DEFENSE

The Plaintiff failed to comply with all prerequisites to eligibility for leave under the FMLA, wherefore, her Complaint should be dismissed.

### SIXTH DEFENSE

At all times relevant hereto, the Plaintiff was not a "qualified disabled person" as that term is defined by the Americans with Disabilities Act, wherefore, her Complaint should be dismissed.

### SEVENTH DEFENSE

At all times relevant hereto, the Plaintiff was not disabled from performing a broad class of jobs, wherefore, her Complaint should be dismissed.

### EIGHTH DEFENSE

The Plaintiff failed to request "reasonable accommodations" pursuant to the Americans with Disabilities Act.

### NINTH DEFENSE

The Plaintiff has been paid all wages earned by her and received all benefits for which she was qualified, wherefore, Count Seven of the Amended Complaint should be dismissed.

### TENTH DEFENSE

At all times material hereto, the Plaintiff did not have a "record of disability" nor was she "regarded as substantially limited" as alleged in her Amended Complaint.

### ELEVENTH DEFENSE

The Plaintiff has failed to state a cause of action against the Defendants upon which relief can be granted.

### TWELVTH DEFENSE

The Plaintiff's own negligence exceeded any alleged negligence attributable to the Defendants and the Plaintiff is, therefore, barred from recovery.

### THIRTEENTH DEFENSE

The Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during the course of discovery and hereby reserve the right to amend their answer to assert any such defense.

THE DEFENDANTS HEREBY DEMAND A JURY TRIAL ON ALL COUNTS AND TRIABLE ISSUES.

THE DEFENDANTS,
THE WILLISTON NORTHAMPTON
SCHOOL and BRIAN WRIGHT

Dated: February 19, 2004

By _____
Claire L. Thompson, Esquire
Doherty, Wallace, Pillsbury
& Murphy, P.C.
One Monarch Place
1414 Main Street, 19th Floor
Springfield, MA 01144
Phone: (413) 733-3111
Fax:   (413) 734-3910
B.B.O. No: 550262

### CERTIFICATE OF SERVICE

I, Claire L. Thompson, certify that this document has been served upon all counsel of record in compliance with F.R.C.P., on February 19, 2004.

_____
Claire L. Thompson

214695-1

10